Hi-IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-679-FL

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| SUN SUPER MARKET, INC. and MI KYONG ROJAS, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiffs' motion to strike answer to amended complaint (DE 22) and defendants' motion to amend answer (DE 29). These motions are ripe for adjudication. For the reasons that follow, the court grants defendants' motion and denies plaintiffs' motion.

**BACKGROUND**

On October 22, 2013, plaintiffs filed an amended complaint in this trademark infringement action to which defendants responded November 21, 2013, asserting eight affirmative defenses. On December 12, 2013, plaintiffs moved to strike all of these affirmative defenses. Plaintiffs assert they are insufficiently pleaded and/or are improper affirmative defenses to an action of the instant nature.

Defendants did not respond to the motion to strike; rather, they filed a motion to amend answer. Defendants seek to add additional facts and information to their affirmative defenses. In this posture, plaintiffs' motion to strike appeared moot; therefore, the court addressed the parties by text order on December 27, 2013.

The court ordered defendants "to file their proposed amended answer within seven days together with notice informing the court, where defendants state they have sought consent, whether plaintiffs consent to the form of the proposed amended answer."

Defendant responded with the proposed amended answer and notice that plaintiffs consent to the form of the proposed answer, with the exception of defendants' first affirmative defense, to which plaintiffs' maintain their motion to strike. Accordingly, the court will limit its discussion to whether defendants' first affirmative defense, that plaintiffs' claims should be dismissed for failure to state a claim for which relief can be granted in whole or in part for reasons expressly given, should be stricken. The court first considers defendants' motion to amend, as its disposition may affect decision on plaintiffs' motion to strike.

## COURT'S DISCUSSION

A.   Motion to Amend

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Foman v. Davis, 371 U.S. 178, 182 (1962); Laber v. Harvey, 438 F.3d 404, 425 (4th Cir. 2006) (en banc). Under Rule 15(a), leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Laber, 438 F.3d at 426.

Defendants noted that plaintiffs agree to the form of the proposed amended answer, which adds additional factual material to the affirmative defenses, although plaintiffs maintain their argument that the first affirmative defense is factually deficient. There is no indication that plaintiffs believe defendants' amendments are prejudicial, made in bad faith, or futile. Moreover, defendants'

2

amendments appear to be in response to plaintiffs' motion to strike, and thus are intended to remedy alleged deficiencies that plaintiffs previously identified. Accordingly, the court finds it in the interest of justice to grant defendants' motion to amend answer.

B.  Motion to Strike

A district court may, on motion of a party or on its own initiative, strike from a pleading an "insufficient defense." Fed. R. Civ. P. 12(f). "A defense is insufficient if it is clearly invalid as a matter of law." Spell v. McDaniel, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation omitted). Therefore, motions to strike are strictly considered, see Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005), and the court is required to "view the pleading under attack in a light most favorable to the pleader." Racick v. Dominion Law Associates, 270 F.R.D. 228, 232 (E.D.N.C. 2010). "Nevertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." Waste Management, 252 F.3d at 347 (internal quotation omitted).

Plaintiffs challenge the factual sufficiency of defendants' first affirmative defense, which states:

> Plaintiffs' Complaint should be dismissed for failure to state a claim for which relief can be granted in whole or in part, because Plaintiffs have failed to allege some plausible, factual basis to support their contention that Defendants have designed, manufactured, advertised, promoted, imported, or distributed the alleged infringing products. Plaintiffs provide no factual basis that Defendants intentionally used the Plaintiff's [sic] trademark knowing it was counterfeit or had knowledge that the alleged infringing products were in fact counterfeit. Additionally, Plaintiffs provide no factual allegations which tend to show that Defendant's [sic] use of the trademark

3

caused a likelihood of confusion of ordinary prudent purchasers as to the source or origin of the goods. Further, Plaintiff [sic] fails to provide any factual basis for its allegations that Defendants have continued any alleged infringing activities, which Defendants' deny.

(Proposed Amended Answer 9).

Plaintiffs assert that defendants have not stated sufficient factual matter "to plausibly suggest a cognizable defense." (Pls.' Mem. in Supp. 2). Plaintiffs state that the same pleading standard applies to both affirmative defenses and other pleadings, relying on Racick, 270 F.R.D. at 234, to support this position. (Id.) Through reliance on Racick, plaintiffs essentially argue that the pleading standard set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), should be applied to affirmative defenses.

Although plaintiffs did not have the benefit of this court's recent order in Aguilar-Gamas v. Scott Farms, Inc., No. 5:13-CV-447-FL, slip op. at 3-6 (E.D.N.C. Jan. 6, 2014), that discussion details the court's position on the instant issue. As noted in Aguilar-Gamas, "[n]either the Fourth Circuit, nor any other federal Court of Appeals, has addressed the issue of whether the Twombly/Iqbal standard applies to affirmative defenses." Id. at 4. Nevertheless, some courts in this district have chosen to apply this standard equally to affirmative defenses based on policy considerations. See, e.g., Racick, 270 F.R.D. at 234. Other courts have declined to apply the plausibility standard to affirmative defenses. For the various reasons discussed in Aguilar-Gamas, slip op. at 5-6, the undersigned has chosen not to apply this standard to affirmative defenses.

Federal Rules of Civil Procedure 8(b) and 8(c) govern defenses and affirmative defenses, and require only that a party "state in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A) and "affirmatively state any avoidance or affirmative defense," Fed. R. Civ. P. 8(c)(1). The court is satisfied here that defendants' amended first affirmative defense

4

sufficiently comports with the Rule 8(b) and 8(c) requirements. Accordingly, plaintiffs' motion to strike is denied.

## CONCLUSION

For the reasons given, plaintiffs' motion to strike (DE 22) is DENIED, and defendants' motion to amend (DE 29) is GRANTED. Defendants are directed to file their amended answer currently docketed as DE 31 by February 14, 2014.

SO ORDERED, this the 10th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge