# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
No. 5:13-cv-679

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SUN SUPER MARKET, INC. and MI KYONG ROJAS, <br><br> Defendants. | **STIPULATED PROTECTIVE ORDER** |

Plaintiffs' claims in this action are for alleged violations of the Lanham Act, trademark infringement, trademark dilution, unfair competition, unjust enrichment and unfair and deceptive trade practices. It has become clear to the parties to this Action that, absent a Protective Order, Defendant Mi Kyong Rojas' responses to some of Plaintiffs' discovery requests could subject Ms. Rojas to criminal liability. Therefore, Ms. Rojas has invoked her Fifth Amendment right against self-incrimination in response to certain discovery requests. In order to provide for full and complete discovery in this action and to safeguard Ms. Rojas' Fifth Amendment rights, the parties hereto have consented to the imposition of this Protective Order. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in order to protect the parties from disclosure of proprietary or confidential information, the undersigned hereto stipulate and agree, and it is hereby ORDERED that:

1. **Scope**. All materials produced or adduced in the course of discovery, including, but not limited to, initial disclosures, responses to discovery requests (admissions, interrogatory, documents), deposition testimony, deposition transcripts, and exhibits, and information derived

directly therefrom ("hereinafter collectively referred to as "confidential information") shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Designation**. The designation of confidential information shall be made by stamping, placing, or affixing on the first page of a document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." Additionally, the Marking must be stamped and marked on the first page of all briefs, memorandums, or other pleading filed with the Court in this litigation containing confidential information. One who provides material may designate it as "CONFIDENTIAL" only when such person, in good faith, reasonably believes it contains sensitive personal information, trade secrets or other confidential research, development, or proprietary or commercial information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

(a) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(b) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential

under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

3.      **Protection of Confidential Information**.  Confidential information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (a) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(a)     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)     Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii)    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii)   Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit.  Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(iv) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

4. **Filing Documents Containing Confidential Information.** All parties to this Action must move the court to file all documents containing CONFIDENTIAL INFORMATION under seal. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

5. **Control**. Except as provided in subparagraph (a) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

6. **Attorneys' Eyes Only**. Designation of Discovery Materials as "CONFIDENTIAL ATTORNEYS' EYES ONLY". All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits

shall be subject to this Order concerning confidential attorneys' eyes only information, as set forth below:

(a) The CONFIDENTIAL ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes commercially sensitive or highly competitive information, the unauthorized disclosure of which is likely to cause harm to the competitive position of the Producing Party. Examples of CONFIDENTIAL ATTORNEYS' EYES ONLY information include, but are not limited to, highly sensitive information, including customs training materials, answers to interrogatories directed to similar information; and expert reports containing or relating to any of the foregoing information or damages. In determining whether information should be designated as CONFIDENTIAL ATTORNEYS' EYES ONLY, each party agrees to use such designation only in good faith.

(b) Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY and information contained therein shall be available only to attorneys of record in the case and in-house representatives for Coach. Notwithstanding any other provisions herein, each Party shall be allowed a party representative to attend and observe all hearings in the case and attend and observe any hearing and trial of the case.

(c) Confidential Information and Confidential Attorneys' Eyes Only Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) in a manner consistent with the Local Rules and with a simultaneous motion pursuant to L.R. 79.2 (hereinafter the "Sealing Motion"). The Sealing Motion shall be governed by L.R. 79.2. Even if the filing party

believes that the materials subject to the Order are not properly classified as confidential or confidential attorneys' eyes only, the filing party shall file the Sealing Motion; provided, however, that the filing of the Sealing Motion shall be without prejudice to the filing party's rights under this Order. To the extent that these documents become exhibits to a deposition or a trial, it is agreed that they will not be placed in the court file for public review but, instead will be held by counsel or sealed by the Court.

7. **Challenge**. A designation of confidentiality or confidential attorneys' eyes only may be challenged upon motion. The burden of providing the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

8. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

9. **Return of Inadvertently Disclosed Materials**. Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been

6

Case 5:13-cv-00679-FL   Document 38   Filed 03/28/14   Page 6 of 8

inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(6)(B) and Fed. R. Evid. 502.

10. **Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the confidential information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Subpoenaed Information**. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as confidential information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

12. **Obligations at Conclusion of Litigation**. At the conclusion of the litigation, all material treated as confidential or confidential attorneys' eyes only under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the

7

Case 5:13-cv-00679-FL   Document 38   Filed 03/28/14   Page 7 of 8

material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

13. **Modification**. No party may amend or modify this agreement without written consent of counsel for all parties to this agreement.

14. **Survival**. The rights and obligations contained herein shall survive the conclusion of this lawsuit and the return of the aforementioned documents.

SO ORDERED AND ADJUDGED this the 28th day of March, 2014.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge

Consented to by:

/s/ Christina Davidson Trimmer
Christina Davidson Trimmer
North Carolina Bar No. 44857
BRYAN CAVE LLP
One Wachovia Center
301 S. College Street, Suite 3700
Charlotte, North Carolina 28202
Tel: (704) 749-8999
Fax: (704) 749-8990
Christina.trimmer@bryancave.com

*Attorney for Plaintiffs Coach, Inc. and Coach Services, Inc.*

/s/ Donald A. Cole
Donald A. Cole
BRYAN CAVE LLP
161 N. Clark St, Suite 4300
Chicago, Illinois 60601
Tel: (312) 602-50278
Fax: (312) 698-7428
Donald.cole@bryancave.com

*Attorney for Plaintiffs Coach, Inc. and Coach Services, Inc.*

/s/ Sarah D. Miranda
SARAH D. MIRANDA
*Attorneys for Defendants*
Hutchens Law Firm
P.O. Box 2505
Fayetteville, North Carolina 28302
Telephone: (910) 864-2668
Fax: (910) 864-6848
Email: sarah.miranda@hskplaw.com
N.C. State Bar No. 29354

/s/ Natasha M. Barone
NATASHA M. BARONE
*Attorneys for Defendants*
Hutchens Law Firm
P.O. Box 2505
Fayetteville, North Carolina 28302
Telephone: (910) 864-2668
Fax: (910) 864-6848
Email: natasha.barone@hskplaw.com
N.C. State Bar No. 41873